## McCORMACK v. O'CONNOR.

(Supreme Court, Appellate Term. February 15, 1909.)

1. WITNESSES (§ 37*)—COMPETENCY—KNOWLEDGE OF FACTS.

In an action for compensation for repairing a sidewalk, the admission of testimony by plaintiff, over objection, as to work done by his men of which he had no personal knowledge, would be reversible error.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 80–87; Dec. Dig. § 37.*]

2. APPEAL AND ERROR (§ 204*)—PRESENTATION OF GROUND—ADMISSION OF EVIDENCE—OBJECTIONS.

Where testimony by plaintiff as to work done by his men, of which he had no personal knowledge, was admitted without objection, and no motion was made to strike it when its hearsay character appeared on cross-examination, error in admitting it cannot be urged on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258–1280; Dec. Dig. § 204.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. APPEAL AND ERROR (§ 260*)—PRESENTATION BELOW—EXCEPTIONS—ADMISSION OF EVIDENCE—EFFECT OF FAILURE TO EXCEPT.

Where defendant objected to the admission of evidence, but did not except when his objection was overruled, he thereby acquiesced in its admission, and cannot object to its admission on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

4. CONTRACTS (§ 322*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for compensation for repairing a sidewalk, required to be repaired by the city, plaintiff's uncontradicted testimony that the "violation," until the removal of which plaintiff by the contract was not entitled to be paid, had been in fact removed, was sufficient proof of that fact.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

5. CONTRACTS (§ 354*)—ACTIONS—FINDINGS BY COURT—CONSTRUCTION.

Where, in an action for compensation for repairing a sidewalk, the parties agreed that the trial justice should inspect the premises to determine whether the repairs were properly made, the trial court, by finding for plaintiff, necessarily found that the repairs were properly made.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 354.*]

6. APPEAL AND ERROR (§ 1008*)—FINDINGS—CONCLUSIVENESS—FINDINGS OF COURT.

Where the question whether the repairs to a sidewalk were substantially performed was left for the trial court to determine from a personal inspection, his finding is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3969; Dec. Dig. § 1008.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Frank McCormack against John H. O'Connor. From a judgment for plaintiff, defendant appealed. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Pressinger & Newcombe (Richard L. Newcombe, of counsel), for appellant.

Louis T. Noonan, for respondent.

GIEGERICH, J. The plaintiff sues for work, labor, and services performed and materials furnished in repairing the sidewalk and curbing in front of defendant's premises, known as Nos. 222, 224, and 226 East Thirty-Fourth street, in the borough of Manhattan, city of New York. The agreement under which the work in question was done is contained in two letters written by the plaintiff to the defendant. The first is as follows:

"Frank McCormack, Mason and Plasterer, 469 Fourth Avenue.

"New York, July 3, 1908.

"Dr. John H. O'Connor—Dear Sir: I will furnish labor and materials requisite to repair sidewalks in front of houses Nos. 222, 224, and 226 East 34th St. for the sum of $75. The above includes furnishing 150 sq. ft. of flagging to replace broken or missing flags.

"Respt. yours,          Frank McCormack."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The second letter modified the first one somewhat:

"Frank McCormack, Mason and Plasterer, 469 Fourth Avenue.

"New York, July 15, 1908.

"Dr. John H. O'Connor—Dear Sir: I will repair sidewalk and curb in front of Nos. 222, 224, and 226 East 34th, as per order of Highways Dept., so as to remove violation on same.

"Respt. yours, Frank McCormack.

"Bill will not become due until violation is removed.

"F. McCormack."

The defendant contends that there was no evidence on the trial to show that the plaintiff furnished any of the materials or performed any of the labor covered by the contract. The only evidence on this point was given by the plaintiff himself, who presented his case to the court in person, without the aid of counsel, and the contention of the defendant is that his testimony was hearsay and incompetent.

There is no doubt that the plaintiff's testimony as to what his men did in repairing these sidewalks was without basis of personal knowledge on his part, and its admission would have been reversible error, if the defendant's counsel had objected thereto. But he did not. Even when, on cross-examination, it was brought out clearly that the plaintiff knew nothing personally about the work done, no motion was made to strike out his testimony. It is now too late to claim on this appeal that it was incompetent, and ought not to have been considered by the trial court.

The defendant further claims that the plaintiff did not prove that the violation filed against these sidewalks had been removed. The only testimony in the case on that point was that of the plaintiff that the violations were removed. The defendant objected to the admission of this testimony; but the trial justice admitted it, saying he wanted to get at the facts. The defendant did not except, when his objection was overruled, and the only inference is that he acquiesced in its coming in. This was the only testimony in the case on the point. The defendant did not dispute the assertion that the violations were removed. This testimony, uncontradicted, was sufficient proof of the fact.

The only question of fact disputed upon the trial was whether the sidewalks had been properly repaired. At the close of the trial both parties agreed that the trial justice should make an inspection of the premises to determine this question. By deciding in favor of the plaintiff, the trial justice necessarily found that the work was substantially performed; and it is manifestly impossible for this court, under such circumstances, to reverse on the facts upon a point thus left for the trial justice to determine by a personal inspection of the work.

The judgment should therefore be affirmed, with costs. All concur.